No. 22-2034

## IN THE UNITED STATES COURT OF APPEALS FOR THE FOURTH CIRCUIT

—————————————————————

JOHN and JANE PARENTS 1
and JOHN PARENT 2,

Plaintiffs-Appellants,

v.

MONTGOMERY COUNTY BOARD OF
EDUCATION, *et al.,*

Defendants-Appellees.

—————————————————————

On appeal from the United States District Court for the
District of Maryland, Southern Div., No. 8-20-cv-3552-PWG

—————————————————————

**CORRECTED BRIEF OF PACIFIC JUSTICE INSTITUTE AS
*AMICUS CURIAE* IN SUPPORT OF PLAINTIFFS-APPELLANTS**

Kevin T. Snider, Chief Counsel
PACIFIC JUSTICE INSTITUTE
9851 Horn Rd., Ste. 115
Sacramento, CA 95827
Tel. (916) 857-6900
E-mail: ksnider@pji.org

Sorin A. Leahu, Staff Attorney
PACIFIC JUSTICE INSTITUTE - IL
310 Busse Highway, # 364
Park Ridge, IL #364
Tel. (847) 529-7221
E-mail: sleahu@pji.org

*Counsel for Amicus Curiae*

# CORPORATE DISCLOSURE STATEMENT

In accordance with Loc. R. 26.1, Amicus makes the following disclosure:

Pacific Justice Institute is a nonprofit corporation organized under section 501(c)(3) of the Internal Revenue Code, has no parent corporation, and issues no stock.

**TABLE OF CONTENTS**

CORPORATE DISCLOSURE STATEMENT..............................................i

TABLE OF AUTHORITIES...................................................................iii

INTEREST OF AMICUS CURIAE.......................................................1

RULE 29 STATEMENT ........................................................................1

SUMMARY OF ARGUMENT ...............................................................2

ARGUMENT

    I.    *Bostock* has no application to a parental rights case.......................2

    II.    *Bostock* did not create a new or otherwise separate protected
        class.............................................................................................8

CONCLUSION ........................................................................................9

# TABLE OF AUTHORITIES

*Arora v. NAV Consulting Inc.*,
　No. 21 C 4443, 2022 U.S. Dist. LEXIS 186909
　(N.D. Ill. Oct. 13, 2022) ............................................................. 8

*Bear Creek Bible Church v. EEOC*,
　571 F. Supp. 3d 571 (N.D. Tex. 2021) ...................................... 9

*Bostock v. Clayton County*,
　140 S. Ct. 1731 (2020) ...................................................... *passim*

*Estate of Boyland v. USDA*,
　Civil Action No. 15-cv-01112 (TSC), 2021 U.S. Dist. LEXIS 188748
　(D.D.C. Sep. 30, 2021) ............................................................... 7

*Geduldig v. Aiello*,
　417 U.S. 484 (1974) ................................................................... 6

*Grimm v. Gloucester Cnty School Bd.*,
　972 F.3d 586 (4th Cir. 2020) ................................................... 2

*Hennessy-Waller v. Snyder*,
　529 F. Supp. 3d 1031 (D. Ariz. 2021) ...................................... 5

*In re Handlon*,
　No. 20-14037-C, 2020 U.S. App. LEXIS 35846, (11th Cir. Nov. 13,
　2020) ............................................................................................ 6

*Lange v. Houston County*,
　499 F. Supp. 3d 1258 (M.D. Ga. 2020) .................................... 6

*Mykland v. CommonSpirit Health*,
　No. 3:21-cv-05061-RAJ, 2021 U.S. Dist. LEXIS 176734 (W.D. Wash.
　Sep. 16, 2021) ............................................................................. 5

*Neese v. Becerra*,
    No. 2:21-CV-163-Z, 2022 U.S. Dist. LEXIS 75847
    (N.D. Tex. Apr. 26, 2022) ........................................................................ 4

*Pelcha v. MW Bancorp, Inc.*,
    988 F.3d 318 (6th Cir. 2021) ............................................................... 4,7

*Pelcha v. Watch Hill Bank*,
    211 L. Ed. 2d 281, 142 S. Ct. 461 (2021) .............................................. 7

*People v. Rogers*,
    338 Mich. App. 312 (Mich. Ct. App. 2021) ............................................ 7

*Stollings v. Texas Tech University*,
    No. 5:20-CV-250-H, 2021 U.S. Dist. LEXIS 160287 (N.D. Tex. Aug.
    25, 2021) .................................................................................................. 8

*Tennessee v. United States Department of Education*,
    No. 3:21-cv-308, 2022 U.S. Dist. LEXIS 125684 (E.D. Tenn. July 15,
    2022) ........................................................................................................ 5

*Texas v. EEOC*,
    No. 2:21-CV-194-Z, 2022 U.S. Dist. LEXIS 180116 (N.D. Tex. Oct. 1,
    2022) ........................................................................................................ 4

## Statutes

5 U.S.C. § 551 ................................................................................................ 6

29 U.S.C. § 623(a)(1) ..................................................................................... 4

42 U.S.C. § 18116 ........................................................................................... 4

42 U.S.C. § 1981 ........................................................................................ 7, 8

F.R.A.P. 29(a)(2) ............................................................................................ 1

Ariz. Admin. Code § R9-22-205 ................................................................ 5

Wash. Rev. Code Ann. § 49.60.030 ........................................................... 5

## INTEREST OF AMICUS CURIAE

The Pacific Justice Institute (PJI) is a non-profit legal organization established under section 501(c)(3) of the Internal Revenue Code. Since its founding in 1997, PJI has advised and represented in court and administrative proceedings thousands of individuals, businesses, and religious institutions, particularly in the realm of constitutional rights. More specifically, for the last twenty-five years PJI has represented hundreds of parents and guardians with children in the public schools relative to curriculum, school policies, and parental rights. As such, PJI has a strong interest in the development of the law in this area. PJI has an office in North Carolina and represents parents on public school matters within the Fourth Circuit Court of Appeals.

## RULE 29 STATEMENT

This brief is filed with the consent of all parties pursuant to Rule 29(a)(2). Per Rule 29, *amicus curiae* states as follows: (i) no party's counsel authored the brief in whole or in part; (ii) no party or a party's counsel contributed money that was intended to fund preparation or submission of the brief; and, (iii) no person — other than the *amicus*

*curiae*, its members, or its counsel — contributed money that was intended to fund preparation or submission of the brief.

## SUMMARY OF ARGUMENT

In this action, three parents of Montgomery County Public High School students allege that certain of the School's guidelines pertaining to gender identity issues violate their rights as parents. In granting the Defendants-Appellees' motion to dismiss, the district court reasoned, *inter alia*, that the challenged guidelines would survive even strict scrutiny, relying in part upon *Bostock v. Clayton County*, 140 S. Ct. 1731 (2020), and its progeny including *Grimm v. Gloucester Cnty School Bd.*, 972 F.3d 586 (4th Cir. 2020).

The district court's reliance on these cases was misguided because (i) *Bostock*'s reach is limited to the Title VII context and has no bearing on a parental rights matter; and (ii) *Bostock* did not create a new or otherwise separate protected class. These points are addressed in turn.

## ARGUMENT

### I.   *Bostock* has no application to a parental rights case.

The United State Supreme Court's decision in *Bostock v. Clayton County*, 140 S. Ct. 1731 (2020), which held that Title VII's prohibition

2

against "sex" discrimination within employment includes discrimination based on sexual orientation, has been lauded by many as an important landmark case. The dissent in *Bostock* warned, however, that the majority's opinion was like a "pirate ship" sailing under a "textualist flag" which would have "far-reaching consequences" affecting over 100 federal statutes, touch on issues involving bathrooms, locker rooms, women's sports, housing, health care, and "threaten freedom of religion, freedom of speech, and personal privacy and safety." *Bostock,* 140 S. Ct. 1731, 1754-1778 (2020). In response, Judge Gorsuch offered the following rejoinder:

> The employers worry that our decision will sweep beyond Title VII to other federal or state laws that prohibit sex discrimination. And, under Title VII itself, they say sex-segregated bathrooms, locker rooms, and dress codes will prove unsustainable after our decision today. But none of these other laws are before us; we have not had the benefit of adversarial testing about the meaning of their terms, and we do not prejudge any such question today . . . The only question before us is whether an employer who fires someone simply for being homosexual or transgender has discharged or otherwise discriminated against that individual "because of such individual's sex." . . . Whether other policies and practices might or might not qualify as unlawful discrimination or find justifications under other provisions of Title VII are questions for future cases, not these. *Id*. at 1753.

3

In other words, "[c]ase by case, category by category, controversy by controversy, Justice Gorsuch deferred judgment, stating ***Bostock decided only what Bostock decided***: under Title VII, '[a]n employer who fires an individual merely for being gay or transgender defies the law.'" *Texas v. EEOC*, No. 2:21-CV-194-Z, 2022 U.S. Dist. LEXIS 180116, at \*13 (N.D. Tex. Oct. 1, 2022). (Emphasis added). Since *Bostock* was decided, numerous courts have emphasized this important point and have refused to extend *Bostock* beyond its narrow application in the Title VII context.  Below is a summary of those decisions.

- "the Court in *Bostock* was clear on the narrow reach of its decision and how it was limited only to Title VII itself." *Pelcha v. MW Bancorp, Inc.*, 988 F.3d 318, 324 (6th Cir. 2021)(the holding in *Bostock* does not reach the Age Discrimination and Employment Act (29 U.S.C. § 623(a)(1)).

- "*Bostock* expressly cabined its holding to Title VII." *Neese v. Becerra*, No. 2:21-CV-163-Z, 2022 U.S. Dist. LEXIS 75847, at \*39 (N.D. Tex. Apr. 26, 2022)(*Bostock's* Title VII analysis of the word *sex* is not controlling for the use of that term in the Affordable Care Act (42 U.S.C. § 18116)).

- "the *Bostock* court expressly stated that its holding was limited to the law before it, Title VII." *Mykland v. CommonSpirit Health*, No. 3:21-cv-05061-RAJ, 2021 U.S. Dist. LEXIS 176734, at *22 (W.D. Wash. Sep. 16, 2021)(declining to apply the Title VII interpretation of *sex* in *Bostock* to the Washington Law Against Discrimination (Wash. Rev. Code Ann. § 49.60.030)).

- "Plaintiffs' reliance on *Bostock* is unpersuasive. The Supreme Court expressly limited its holding to Title VII claims involving employers who discriminated against employees because of their gay or transgender status." *Hennessy-Waller v. Snyder*, 529 F. Supp. 3d 1031, 1044 (D. Ariz. 2021)(declining to adopt the meaning of *sex* under Title VII to the Arizona Health Care Cost Containment System (Ariz. Admin. Code § R9-22-205)).

- "The *Bostock* decision only addressed sex discrimination under Title VII; the Supreme Court expressly declined to 'prejudge' how its holding would apply to 'other federal or state laws that prohibit sex discrimination' such as Title IX." *Tennessee v. United States Department of Education*, No. 3:21-cv-308, 2022 U.S. Dist. LEXIS 125684, at *46 (E.D. Tenn. July 15,

5

2022)(finding that the Defendants' guidance documents improperly expanded the reach of *Bostock* and amounted to legislative rules subject to the Administrative Procedures Act (5 U.S.C. § 551).

- "His reliance on *Bostock* is misplaced because the Supreme Court merely interpreted the scope of a non-criminal statute dealing with employment discrimination, under which Handlon was not convicted. . . . Therefore, the Supreme Court did not announce a new rule of constitutional law sufficient to grant authorization." *In re Handlon*, No. 20-14037-C, 2020 U.S. App. LEXIS 35846, at *3 (11th Cir. Nov. 13, 2020)(declining to apply *Bostock* to a criminal statute under which Petitioner was convicted).

- "But the issue addressed by *Geduldig* is different: whether an insurance exclusion based on a health condition is facially discriminatory. Neither *Bostock* nor *Glenn* had any bearing on that issue." *Lange v. Houston County*, 499 F. Supp. 3d 1258, 1275 (M.D. Ga. 2020)(finding that *Bostock* has no bearing on

the validity of a health exclusion for sex change medical procedures).

- "The Supreme Court's decision in *Bostock* was unrelated to the Black Farmer litigation and this court's original decision and is not an 'intervening development.'" *Estate of Boyland v. USDA*, Civil Action No. 15-cv-01112 (TSC), 2021 U.S. Dist. LEXIS 188748, at *6 (D.D.C. Sep. 30, 2021)(holding that *Bostock* was unrelated to prior litigation and the court's standing decision and was not an intervening development constituting an extraordinary circumstance).

- "we must conclude that *Bostock* does not control the outcome of this case . . . . *Bostock* interpreted a federal civil-employment-discrimination statute Congress adopted in 1964." *People v. Rogers*, 338 Mich. App. 312, 328. (declining to extend application of *Bostock* to a state criminal statute).

- "The Court declines to apply *Bostock* to Section 1981 in contravention of *Comcast. See Pelcha v. MW Bancorp, Inc.*, 988 F.3d 318, 324 (6th Cir.), *cert. denied sub nom. Pelcha v. Watch Hill Bank*, 211 L. Ed. 2d 281, 142 S. Ct. 461 (2021) (refusing to

7

apply *Bostock* to ADEA claim, explaining, 'the rule

in *Bostock* extends no further than Title VII')." *Arora v. NAV*

*Consulting Inc.*, No. 21 C 4443, 2022 U.S. Dist. LEXIS 186909,

at \*7 (N.D. Ill. Oct. 13, 2022)(declining to extend application of

*Bostock* to Section 1981 claims).

Because *Bostock* must be constrained to its facts and applied only in

the context of Title VII, neither *Bostock* or its progeny have any bearing

on a parental rights case.

## II.    *Bostock* did not create a new or otherwise separate protected class.

A separate but related point also bears mentioning. While *Bostock*

was an important, and perhaps even a "landmark" decision, a number

of commentators and spectators have wrongly opined that *Bostock*

created a new protected class. But the decision in *Bostock* was more

modest. As one court explained, "[w]hile *Bostock* held that Title VII

protection based on sex classification includes an individual's sexual

orientation, it did not establish a new or otherwise separate protected

class, but instead clarified the scope of sex classification." *Stollings v.*

*Texas Tech University*, No. 5:20-CV-250-H, 2021 U.S. Dist. LEXIS

8

160287, at *25 (N.D. Tex. Aug. 25, 2021). See also, *Bear Creek Bible Church v. EEOC*, 571 F. Supp. 3d 571, 624 (N.D. Tex. 2021)(Stating that "[t]ransgender individuals are not a protected class, and the 'discrimination' must still link to a biological sex. *Bostock*, 140 S. Ct. at 1740.").

## CONCLUSION

Because the ruling in *Bostock* must be cabined to the Title VII context, and because *Bostock* does not establish a new or otherwise separate protected class, the district court's reliance on *Bostock* to determine that Defendants-Appellees, in this parental rights case, could have satisfied strict scrutiny amounts to a misapplication of *Bostock* and its progeny.

Dated:  November 17, 2022

Kevin T. Snider, Chief Counsel*
PACIFIC JUSTICE INSTITUTE
P.O. Box 276600
Sacramento, CA 95827
Tel. (916) 857-6900
E-mail: ksnider@pji.org

Sorin A. Leahu, Staff Attorney
PACIFIC JUSTICE INSTITUTE - IL
310 Busse Highway, # 364
Park Ridge, IL #364
Tel. (847) 529-7221
E-mail: sleahu@pji.org

---

*Admitted to the United States Court of Appeals for the Fourth Circuit Court.

9

## CERTIFICATE OF COMPLIANCE

I certify that the text of this Amicus Brief, pursuant to FRAP 29(a) and 32(a), consists of 1,581 words as counted by Microsoft Word 365, exclusive of items exempt under FRAP 32(f), and complies with the requirements of the United States Court of Appeals for the Fourth Circuit. As permitted by FRAP 32(g), the undersigned has relied upon the word count feature of this word processing system in preparing this Certificate of Compliance.

Dated: November 17, 2022

/s/ Kevin T. Snider
Kevin T. Snider, Chief Counsel
PACIFIC JUSTICE INSTITUTE
P.O. Box 276600
Sacramento, CA 95827
Tel. (916) 857-6900
E-mail: ksnider@pji.org

/s/ Sorin A. Leahu
Sorin A. Leahu, Staff Attorney
PACIFIC JUSTICE INSTITUTE - IL
310 Busse Highway, # 364
Park Ridge, IL #364
Tel. (847) 529-7221
E-mail: sleahu@pji.org